E-FILED
Monday, 19 October, 2026 09:56:18 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| JAMES E. FULLER,<br>Petitioner,<br><br>v.<br><br>JOHN BARWICK, Warden,<br>Respondent. | Case No. 1:26-cv-1305-JEH |

**Order**

Before the Court is Petitioner James E. Fuller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 14). For the reasons below, the Court GRANTS the Motion to Dismiss (Doc. 14), DISMISSES the § 2254 Petition (Doc. 1), and DECLINES to issue a certificate of appealability.

In his Petition, Petitioner challenges his 2010 convictions from Peoria County, Illinois, case no. 08CF360, for which he was sentenced to two natural life imprisonment terms. However, in 2018, Petitioner already filed a § 2254 Petition challenging these convictions. *See Fuller v. Kennedy*, 18-cv-1441-CSB (C.D. Ill.). That petition was dismissed with prejudice, and the Seventh Circuit subsequently denied Petitioner's application for a certificate of appealability.

As Respondent argues, the Court does not have jurisdiction over Petitioner's second petition at this time. Pursuant to 28 U.S.C. § 2244(b)(3), a district court does not have jurisdiction over a second or successive § 2254 petition unless and until the Seventh Circuit authorizes such filing. Petitioner has not included any proof that he has received such authorization and there is no public record of any authorization being granted. Even if Petitioner believes he can meet the requirements for authorization under 28 U.S.C. § 2244(b)(2), he still

must first file for authorization to file a successive petition from the Seventh Circuit.

In his reply brief, Petitioner suggests that problem is merely a "clerical error" because he filed his "petition pursuant to 28 U.S.C. § 2254, where it appears, as a state prisoner, he should have cited 28 U.S.C. § 2244." (Doc. 16 at 2). Petitioner does not quite grasp the issue. Petitioner is in custody pursuant to a state court judgment, so his only cause of action is under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (noting that, "roughly speaking . . . § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). But, as a state prisoner, 28 U.S.C. § 2244(b)(3) does not allow him to file a second or successive § 2254 Petition without first obtaining authorization from the Seventh Circuit. Unless and until he receives such authorization, the Court must dismiss his Petition for lack of jurisdiction.

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (providing that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding of a state detainee unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that the Court lacks subject matter over

Petitioner's unauthorized successive collateral attack. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED**: The Court GRANTS Respondent's Motion to Dismiss (Doc. 14), DISMISSES Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) for lack of jurisdiction, and DECLINES to issue a certificate of appealability.

The Clerk is DIRECTED to issue judgment and CLOSE the case.

*It is so ordered.*

Entered on October 19, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE